CHARLES SHATTUCK v. CLARK NELLIS.

*Contract. Consideration.*

The plaintiff was in the employ of O., temporarily, as clerk in his store. O. sold out the goods therein to N. The plaintiff did not intend to remain during the invoicing and appraisal of the goods, but N. offered him $25 to remain, as he had no confidence in the man employed for this purpose, and the plaintiff accepted the offer and remained, and expected to receive and did receive the same pay from O. after the sale as before. *Held* that the assistance of the plaintiff in the invoicing, was for the direct benefit of N., and was a sufficient consideration to support his promise, and the service was not of such character as to render the contract void as against public policy.

ASSUMPSIT. Plea, the general issue, payment and set-off. This case was referred, and the referee reported as follows:

The plaintiff's claim was for services rendered in November, 1868, under a contract by which he was to receive twenty-five dollars.

In regard to this claim the referee found that the plaintiff was temporarily employed by one H. H. Woods,—a merchant engaged in the crockery, glass-ware and paper-hanging business, in Burlington, Vt ,—during the illness of said Woods' clerk. That shortly after, Woods died, and D. H. Onion was appointed administrator of Woods' estate. That said Onion, upon taking possession of the estate, requested the plaintiff to remain in the store with another clerk, until it should be decided what disposition could be made of the goods. That soon after that, Onion sold the goods in the store to the defendant Nellis: the same to be appraised by one Perry, living in Boston, Mass. That Onion directed

the plaintiff to write Perry and engage him to appraise the goods, which he did, and Perry went to Burlington and appraised the goods.

The referee found that after the contract was made between Onion and the defendant Nellis, and while the parties were waiting for Perry to come and appraise the goods, the defendant Nellis had a conversation with the plaintiff, and knowing that he did not intend to remain during the appraisal and invoicing of the goods, requested him, the plaintiff, to remain, as he, Nellis, had no confidence in the men he expected were to assist in taking the inventory. That he afterwards offered the plaintiff $25 if he would remain. That the plaintiff did not give him a decisive answer at that time, but told him he would answer him when he heard from Franklin county, and that afterwards he informed him that he would remain.

The referee found that the plaintiff did remain and assist in taking the inventory of the goods; that he remained in the store after it was settled that Nellis was to have the goods, the same as before, and that he expected to receive and did receive, the same compensation from said Onion after as before said contract with Nellis.

The referee further found that after the goods were delivered to Nellis, said Onion settled with and paid plaintiff for all the time he had been in the employ of Woods, and also for all the time after the decease of Woods until the completion of the inventory; that the rate of compensation had not been fixed upon either between Woods and the plaintiff, or Onion and the plaintiff, until after the completion of the service, and that the same rate of compensation was agreed upon as was agreed upon by Woods for similar services of plaintiff upon a previous occasion. That the duties of the plaintiff during the taking of the inventory and appraisal of the goods, were to assist others in counting and weighing the goods, and the same that they would have been had no contract been made with the defendant Nellis, as stated, and that the plaintiff did no work, and performed no services, except what he did under employment of Onion. That said Onion did not know of this contract made by the plaintiff with the defendant, or that

the plaintiff was to receive any other or greater compensation for his services than that to be paid him by Onion ; and that he made no claim upon the defendant for said $25 until a short time before the commencement of this suit.

The referee found that there was due the $25, and interest from December 1, 1868, and referred the question of law to the court.

The defendant claimed that there was no consideration for said promise, and that the contract was void; but the county court, at the April term, 1871, ROYCE, J., presiding, decided that the promise was supported by a sufficient consideration, and was not void as against public policy, and rendered judgment for the plaintiff on the report; to which the defendant excepted.

*Davis & Adams*, for the defendant, maintained that the contract found by the referee is void.   It is well settled that a party acting as agent for another cannot undertake an adverse employment, or have an adverse interest.   2 Kent, 820 ; Dunlap's Paley on Agency, 10, note k. and cases there cited.

Even if the contract is not void upon the above ground, it was without consideration, and amounted to nothing more than a promise to give.   *Pool* v. *Boston*, 5 Cush., 219.

*Gleed & Searle*, for the plaintiff, maintained that there was a sufficient consideration for the promise.   35 Vt., 69 ; 25 Vt., 295 ; 12 Vt., 289.   The plaintiff had no concern with any conflicting rights or interests of Onion and Nellis.

The opinion of the court was delivered by

WHEELER, J.   The appraisal by Perry was to be made for the defendant and Onion both.   The defendant, as well as Onion, was interested to have Perry well assisted about it.   The service of the plaintiff in that assistance was for the direct benefit of the defendant, and was a sufficient consideration for his promise.   The defendant must have understood, when he made the promise, that Onion would pay the plaintiff, as was afterwards done, and could not have been in any way deceived into making it.   The plaintiff was not employed by either the defendant or Onion to act in any

fiduciary capacity for either, nor to represent or act for either any more than for the other, nor to do anything about which he could be expected to exercise his judgment or discretion either one way or the other. Under these circumstances, neither the promise of the plaintiff to stay and perform the services, nor the express promise of the defendant to pay him if he would do so, was so far illegal or against good morals as not to be enforceable.

Judgment affirmed.